**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-624-MOC-SCR**

| | |
|---|---|
| **WILLIE "WILL" SHAW,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**TOWN OF MINT HILL; ERROL J. WEDRA, JR. in his Individual and Official Capacity; MARNEE R. MOBERG, in her Individual and Official Capacity; JOHN D. WHITE, in this Individual Capacity; AMANDA BICKEL NOSALEK, in her Individual Capacity**<br><br>       **Defendants.** | **CONSENT PROTECTIVE ORDER** |

THIS MATTER is before the Court upon the consent of the Parties for the entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26.2, and N.C. Gen. Stat. § 160A-168 in order to obtain confidential personnel records from the Police Department for the Town of Mint Hill. In order for the litigation of this matter to proceed, it is appropriate that the materials be provided to the parties, subject to appropriate protections contained in this Order.

By consent, IT IS HEREBY ORDERED THAT:

1. Personnel information is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, job performance, disciplinary actions, and termination of employment wherever located and in whatever form, but expressly excludes any of the following: the employee's home residence, the identity of family members, insurance and benefits,

medical history, social security number, and financial information. Personnel information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings depicting employees on the job, (d) Internal Affairs investigative files and the information contained therein, and (e) any other similar documents.

2. Any such personnel information obtained in this action which is asserted by Defendants Town of Mint Hill to contain or constitute confidential personnel information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER," or a comparable notice.

3. In the absence of written permission from the entity maintaining the personnel information or an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters, stenographers, and videographers engaged for the taking of testimony; (iii) the parties to this action and their counsel, including necessary secretarial, paralegal, and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (v) witnesses at a deposition, hearing, or trial, and as necessary to prepare the testimony of the witness; (vi) court-appointed mediators, and (viii) the jury. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Protective Order is intended to interfere with an individual employee's right to examine his or her personnel file to the extent permitted by law.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated by paragraph 3(iv) unless he or she shall have first read this Order and agreed in writing: (i) to be bound by the terms thereof; (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for the purposes of this litigation.

5. If the Court orders, or if the Defendants agree, that access to or dissemination of information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible or disseminated to such persons based upon the conditions pertaining to and obligations arising from this Order, and such persons shall be considered subject to it.

6. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. In accordance with Paragraph I.F. of the Pretrial Order and Case Management Plan, the ultimate disposition of confidential information subject to this Protective Order shall be subject to a final order of the Court on the completion of litigation.

8. This Protective Order is entered without prejudice to the right of any party or witness to seek relief from this Order, to agree with the other Parties to modify or amend the Order by motion to the Court, to challenge a designation of confidentiality under this Order, or to

seek further orders from the Court regarding the additional disclosure or restriction of confidential personnel information.

**SO ORDERED**.

Signed: December 2, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

CONSENTED TO BY:

**/s/Carlos E. Mahoney**
Carlos E. Mahoney
G. Christopher Olson
*Attorneys for Plaintiff*

**/s/Christian J. Ferlan**
Christian J. Ferlan
Scott D. MacLatchie
W. Clark Goodman
*Attorneys for Town of Mint Hill, Errol Wedra, and Marnee Moberg*

**/s/J. Locke Milholland, IV**
J. Locke Milholland, IV
*Attorney for John White and Amanda Nosalek*