# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:23-CV-00624-MOC-SCR

| | |
|---|---|
| WILLIE "WILL" SHAW | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )     **CONSENT PROTECTIVE ORDER**<br>) |
| TOWN OF MINT HILL, *et al.*, | )<br>)<br>) |
| **Defendants.** | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants, (hereinafter jointly referred to as "the Parties"), by and through their undersigned counsel, and with the consent of the North Carolina State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, requests and stipulate to entry of this Consent Protective Order allowing release of SBI File No. 2015-01042 ("SBI Report") and any other investigation records identified as responsive to Plaintiff's requests for discovery from Defendants Nosalek and White, and the SBI, to counsel for the Plaintiff and Defendants pursuant to N. C. Gen. Stat. § 132-1.4.

Counsel for the Plaintiff and Defendants, and counsel for the SBI, further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

A. Plaintiff served discovery requests on Defendants and may serve a subpoena on the SBI to assist in the prosecution of the lawsuit filed by the Plaintiff.

B. The SBI Report and other criminal investigation records may be deemed relevant to the subject matter involved in the case before this Court.

C. The SBI Report and other criminal investigation records are not public records under North Carolina Law but may be released by order of a court of competent jurisdiction pursuant to N.C. Gen. Stat. § 132-1.4.

D. Defendants Nosalek and White, and the SBI, have no objections to the production of the SBI Report and other investigation records in this case under this Protective Order.

The Court finds that good cause has been shown for the entry of this Protective Order and authorizes Defendant Nosalek, Defendant White, and the SBI to produce the SBI Report and other investigation records to counsel for Plaintiff and Defendants under the following terms and conditions:

1. For purposes of this protective order, the term "SBI Report" refers to all materials contained in SBI File No. 2015-01042 including but not limited to photographs, writings, drawings, graphs, charts, recordings, statements, notes, or any other items contained within the investigative file, but does not include any materials that were previously obtained by the Plaintiff in *State v. Shaw*, 15 CRS 218930, 16 CRS 2928 (Mecklenburg County) without a protective order or stipulation of confidentiality.

2. The documents and materials contained in the SBI Report, along with any other criminal investigative records, shall be marked by Defendants Nosalek and White, or the SBI, with the designation, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. All materials designated as Confidential under this Protective Order shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below. Any modification to, deletion of, or tampering with the designation and/or notice shall be in violation of this Order.

3. Access to and the use of any documents and materials in the SBI Report and criminal investigative records, or any part thereof, produced by Defendants Nosalek and White and the SBI under this Protective Order shall be disclosed only to the persons identified below:

   a. The Court and its staff;
   b. The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents;
   c. Court-Appointed Mediators;
   d. Consultants and experts involved in the preparation of this action;
   e. Court reporters and videographers, their transcribers, assistants and employees;
   f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case; and
   g. The jury.

4. Counsel, including their agents and employees, may make copies of the SBI Report and criminal investigative records for their experts upon receiving from said experts a written agreement in substantially the same form as "Exhibit A" hereto stating that they will be bound by the terms of the Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each expert read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgements shall be maintained by counsel. By signing the declaration agreeing to be bound by this Protective Order, each experts submits

himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

5. Individuals and entities who are permitted access to the SBI Report and criminal investigative records pursuant to Paragraph 3, are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained herein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

6. Any document designated as Confidential, including the SBI Report and criminal investigative records, and filed with the Court, and any brief that discloses confidential information, shall be filed under seal pursuant to Local Civil Rule 6.1. A motion to seal shall comply with the requirements in Local Civil Rule 6.1(c).

7. At the conclusion of this litigation, each confidential document produced by Defendants Nosalek and White or the SBI and subject to this Protective Order shall be destroyed or returned to counsel for Defendants Nosalek and White or the SBI for destruction.

8. In accordance with Paragraph I.F. of the Pretrial Order and Case Management Plan, the ultimate disposition of confidential materials subject to this Protective Order shall be subject to a final order of the Court on the completion of litigation.

9. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated. This Protective Order shall not prevent any

party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

10. This Protective Order shall not apply to the production by Plaintiff or Defendants Town of Mint Hill, Wedra, and Moberg of any documents and materials that are included in the SBI Report or criminal investigative records unless the Parties have agreed to keep those documents and materials confidential.

**SO ORDERED**.

Signed: December 3, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

AGREED TO BY:

| | |
|---|---|
| George Christopher Olson<br>OLSON LAW, PLLC<br>514 Daniels Street, Suite #136<br>Raleigh, NC  27605<br>chris@olsonlaw-pllc.com<br>*Counsel for Plaintiff* | Scott Douglas MacLatchie<br>Christian Joseph Ferlan<br>W. Clark Goodman<br>HALL BOOTH SMITH, P.C.<br>11215 N. Community House Road<br>Suite #750<br>Charlotte, NC  28277<br>SMacLatchie@hallboothsmith.com<br>cferlin@hallboothsmith.com<br>cgoodman@hallboothsmith.com<br>*Counsel for Town of Mint Hill, Errol J. Wedra, Marnee R. Moberg* |
| Carlos E. Mahoney<br>MAHONEY LAW, P.A.<br>514 S. Duke St.<br>Durham, NC  27701<br>cmahoney@gmfm-law.com<br>*Counsel for Plaintiff* | J. Locke Milholland<br>N. C. DEPARTMENT OF JUSTICE –<br>PUBLIC SAFETY SECTION<br>P. O. Box 629<br>Raleigh, NC  27602-0629<br>jmilholland@ncdoj.gov<br>*Counsel for Amanda Nosalek and John D. White* |

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, state as follows:

I acknowledge receipt of the Consent Protective, dated December ____, 2024, in the case of *Willie "Will" Shaw v. Town of Mint Hill, et al.*, Case No. 3:23-CV-00624-MOC-SCR, United States District Court for the Western District of North Carolina. I agree to (1) comply with and be bound by the terms of the Protective Order with respect to any information provided to me under the terms of said Order; (2) not reveal any information provided to me under the terms of the Protective Order to anyone except in accordance with the terms of said Order; and (3) utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court and I consent to the jurisdiction of the foregoing Court for such purpose.

_____
Signature

_____
Printed Name

_____
Date